UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

B. A., VANDA PHARMACEUTICALS INC.,

    Plaintiffs,

v.

UNITED STATES FOOD AND DRUG ADMINISTRATION, ROBERT M. CALIFF, M.D., IN HIS OFFICIAL CAPACITY AS COMMISSIONER OF FOOD AND DRUGS; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, XAVIER BECERRA, IN HIS OFFICIAL CAPACITY AS SECRETARY OF HEALTH AND HUMAN SERVICES;

    Defendants,

Case No. 2:25-CV-32-JLB-KCD

## ORDER

Before the Court is Plaintiff B.A.'s Motion to Proceed Under Pseudonym. (Doc. 25.)[1] Defendants United States Food and Drug Administration, Commissioner Robert M. Califf, United States Department of Health and Human Services, and Secretary Xavier Becerra have responded in opposition. (Doc. 29.) For the reasons below, the motion is **DENIED**.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

Plaintiff B.A. has suffered from motion sickness her entire adult life. (Doc. 1 ¶ 6.) The condition has been debilitating. (*See* Doc. 25-1.) But B.A. recently participated in clinical trials for Tradipitant, which "absolutely transformed" her life. (Doc. 1 ¶ 7.)

Unfortunately, the FDA has placed a partial clinical hold on the trial, which in turn, "materially restricts B.A.'s access to Tradipitant." (*See* Doc. 1 ¶¶ 1, 8, Doc. 25 at 2.) Hoping to set aside the hold, B.A. now sues the FDA under the Administrative Procedure Act. (Doc. 1 ¶¶ 1, 25.) But she doesn't want her name to "become a matter of public record" since this suit concerns "sensitive personal details" about "her condition and efforts to control it." (Doc. 25 at 2.) Although B.A. has revealed her identity to Defendants and the Court, she now seeks to proceed under a pseudonym. (*Id.*)

Generally, Rule 10 of the Federal Rules of Civil Procedure requires parties to identify themselves in the pleadings. *In re: Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1247 (11th Cir. 2020). "The rule does not merely further administrative convenience—[i]t protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Id.* "This creates a strong presumption in favor of parties proceeding in their own names." *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011).

"Nonetheless, the rule is not absolute." *Id.* at 1315-16. There is "a narrow exception" that allows parties to proceed anonymously in "exceptional case[s]."

2

*In re: Chiquita Brands Int'l, Inc.*, 965 F.3d at 1247. "A party may proceed anonymously in federal court by establishing a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id*.

"The first step in analyzing a plaintiff's claim of a substantial privacy right" is to consider whether the party seeking anonymity "(1) is challenging government activity; (2) would be compelled, absent anonymity, to disclose information of the utmost intimacy; or (3) would be compelled, absent anonymity, to admit an intent to engage in illegal conduct and thus risk criminal prosecution." *Doe v. Neverson*, 820 F. App'x 984, 986 (11th Cir. 2020). But these factors are "only the first step." *In re: Chiquita Brands Int'l, Inc.*, 965 F.3d at 1247. While they are due "considerable weight," courts should also "carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Id*. In making that decision, the court should consider "whether the party seeking anonymity is a minor or faces a real threat of physical harm absent anonymity" and "whether the party's requested anonymity poses a unique threat of fundamental unfairness to the defendant." *Id*. Ultimately, there is "no hard and fast formula for ascertaining whether a party may sue anonymously." *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981).

The first factor—whether B.A. is challenging governmental activity—favors anonymity. (Doc. 25 at 6.) Yet it does little to tip the scales. *See Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992). While there is "*more* reason *not* to grant [a] plaintiff's request for anonymity" where the defendant is a private individual, the Eleventh Circuit has never held that there "is more reason to grant a plaintiff's . . . anonymity" because they are "suing the government." *Id.* (emphasis in original); *see also Doe #1-#14 v. Austin*, No. 3:21-CV-1211-AW-HTC, 2021 WL 10395929, at *1 (N.D. Fla. Dec. 1, 2021).

The second factor—whether B.A. must disclose information of the utmost intimacy—weighs decisively more. According to B.A., "[t]he details of [her] medical condition are personal and embarrassing," so much so that she "has refrained from sharing the details of her condition with all but her closest friends and family members[.]" (Doc. 25 at 7-8.) She is also "concerned that publicly revealing the nature of her condition" might "impact her day-to-day work" and "result in [the] loss of future opportunities." (*Id.* at 7, 8.)

The Court is not convinced. "The information of utmost intimacy standard generally relates to topics like abortion as well as prayer and personal religious beliefs." *Doe v. Fla. Gulf Coast Univ. Bd. of Trs.*, No. 23-13063, 2024 WL 4224254, at *2 (11th Cir. Sept. 18, 2024); *see Doe #1 v. Austin*, No. 8:22-CV-121-JLB-SPF, 2022 WL 2116797, at *3 (M.D. Fla. June 10, 2022) ("Matters impacting personal information of the utmost intimacy include, for

example, abortion, the use of birth control, homosexuality, sexually-exploited minor children, and personal religious beliefs."). While many people are understandably secretive about their medical problems, "the fact that [B.A]'s case relates to her medical history does not *per se* mean that anonymity is appropriate." *Tessa G. v. Becerra*, No. 1:23-CV-02665-LMM-RGV, 2023 WL 11798819, at *3 (N.D. Ga. Aug. 17, 2023); *see also Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997). Nor is it enough that revealing one's highly personal medical information could damage employment. *See Doe #1*, 2022 WL 2116797, at *4; *Tessa G.*, 2023 WL 11798819, at *3 ("Risk of embarrassment or even diminished job prospects are not sufficient to outweigh the presumption of openness in judicial proceedings[.]"). No matter how it's dressed up, motion sickness is not the kind of condition that is "of the utmost intimacy." *See Fla. Gulf Coast Univ. Bd. of Trustees*, 2024 WL 4224254, at *2.[2]

To bolster her position, B.A. claims "social embarrassment if her condition were more widely known." (Doc. 25 at 8.) But that alone cannot support her request. *See Doe v. Sheely*, 781 F. App'x 972, 974 (11th Cir. 2019). Rather, B.A. must show that she has "well-founded and particularized" concerns of "social stigma." *Doe v. Wyndham Vacation Ownership, Inc.*, No.

---

[2] The third factor—whether B.A will risk criminal prosecution by identifying herself—is not at issue.

5

6:23-CV-1104-RBD-DCI, 2023 WL 5417193, at *1 (M.D. Fla. Aug. 22, 2023). B.A. has not alleged, let alone shown, that her medical condition rises to that level.

As should be clear by this point, the scales strongly favor "the customary and constitutionally-embedded presumption of openness in judicial proceedings." *In re: Chiquita Brands Int'l, Inc.*, 965 F.3d at 1247. The other factors to consider—such as "whether the party seeking anonymity is a minor or faces a real threat of physical harm absent anonymity"—only shut the door. *Id.* B.A. is in her thirties and has not alleged any threat of physical harm should her identity be revealed. (*See* Doc. 25-1 ¶ 2.)

The Court understands B.A.'s desire for privacy, but she has not overcome the "strong presumption in favor of parties proceeding in their own names." *Plaintiff B*, 631 F.3d at 1315. This case does not concern matters of "a highly sensitive and personal nature" or a "real danger of physical harm." *Frank*, 951 F.2d at 324. Nor does B.A. contend this is a case "where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Id.* As a result, B.A. must identify herself.

Accordingly, it is now **ORDERED**:[3]

1.   Plaintiff B.A.'s Motion to Proceed Under Pseudonym (Doc. 25) is **DENIED**.

**ENTERED** in Fort Myers, Florida on April 7, 2025.

Kyle C. Dudek
United States Magistrate Judge

---

[3] A magistrate judge must issue a report and recommendation, subject to de novo review, for certain case-dispositive motions. 28 U.S.C. § 636(b)(1)(B). In contrast, a magistrate judge may issue an order for non-dispositive matters. 28 U.S.C. § 636(b)(1)(A). B.A.'s motion falls into the latter category because it concerns a procedural matter and does not dispose of any claim or defense. *See, e.g.*, *Tessa G.*, 2024 WL 2814515, at *1; *Doe v. Cristini*, No. 2:24-CV-00336-CCW-CBB, 2025 WL 640663, at *1 n.1 (W.D. Pa. Feb. 27, 2025).